SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**SCOTT M. KERIN, OSB # 965128**
Assistant United States Attorney
Scott.Kerin@usdoj.gov
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:24-cr-00272-AB** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **JOHN BILLY DONNAHOO,** | |
| **Defendant.** | |

The government asks the Court to impose a sentence of 120 months' imprisonment, to be followed by a five-year term of supervised release.  The defendant has been selling methamphetamine in Yamhill County, Oregon for years, which is borne out by his multiple prior state convictions for both the delivery and possession of methamphetamine.  His current case also involves possessing methamphetamine with intent to distribute, along with the possession of firearms.  Despite prior state prison sentences of varying lengths, he was not deterred.  Given the nature of the case; defendant's advisory sentencing guidelines; the societal harm caused by methamphetamine; and, the defendant's personal history, characteristics, and criminal history the government believes the requested sentence is both reasonable and justified.

**Government's Sentencing Memorandum** **Page 1**

**A.      Summary of Proceedings.**

On November 19, 2025, the defendant pled guilty to Count 3 of the Indictment which charges him with Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A).  The maximum sentence the Court may impose is a term of life imprisonment, fine of $10,000,000, and at least five years of supervised release.  There is a mandatory minimum sentence of ten years' imprisonment.  There is also a $100 fee assessment.

A Presentence Report (PSR) has been completed.  The government believes that the facts underlying the defendant's count of conviction (PSR ¶¶ 18 - 30), his Sentencing Guideline calculations (PSR ¶¶ 35 - 44), and his Criminal History/Criminal Conduct (PSR ¶¶ 46 - 81) are accurately outlined in both the PSR and plea agreement.

In his plea agreement defendant admitted that:

> [O]n or about May 25, 2025, here within the District of Oregon, local McMinnville, Oregon police officers executed a search warrant on the defendant's residence and seized approximately 541 grams of a mixture and substance containing methamphetamine.  Officers also found and seized multiple firearms, ammunition, digital scales, and approximately $16,871 in cash.  Defendant, after being advised of his constitutional *Miranda* rights admitted that the drugs were his.  Drug investigators would testify that, based upon their training and experience, the amount of methamphetamine possessed indicated that it was possessed for purposes of further distribution.  Methamphetamine is a Schedule II controlled substance.

Plea Agreement ¶ 6.

The defendant was arrested and bought into federal court as a result of an investigation by the McMinnville Police Department and the Drug Enforcement Administration (DEA).

**B.      Sentencing Guideline Calculations.**

The Court, "in determining the particular sentence to be imposed," is required to consider the "sentencing range established" by the U.S. Sentencing Guidelines.  18 U.S.C. § 3553(a)(4).

**Government's Sentencing Memorandum                                      Page 2**

"The Guidelines are 'the starting point and the initial benchmark,'. . . and are to be kept in mind throughout the process." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (quoting *Kimbrough v. United States*, 552 U.S. 85, 108 (2007)). "All sentencing proceedings are to begin by determining the applicable Guideline range." *Id.*

The parties agree that defendant's relevant conduct, pursuant to U.S.S.G. §§ 1B1.3 and 2D1.1(a), involves approximately 637 grams of methamphetamine (actual) and results in an initial Base Offense Level of 34. PSR ¶ 35, Plea Agreement ¶ 8.

Because defendant possessed a firearm in connection with his offense, pursuant to U.S.S.G. § 2D1.1(b)(1), the government believes his offense level should be increased by two-levels. PSR ¶ 36, Plea Agreement ¶ 9. Here, as the PSR notes "[d]uring a search of the defendant's residence on May 25, 2024, the officers located a fully loaded Glock 22 handgun inside of the defendant's dresser" and that "[d]istributable quantities of methamphetamine were located throughout the house." PSR ¶ 36. Under the Sentencing Guidelines the dangerous weapon/firearm enhancement, also referred to as the "gun bump," is designed to reflect "the increased danger of violence when drug traffickers possess weapons" and it "should be applied if the weapon was present, unless it is <u>clearly improbable</u> that the weapon was connected with the offense." U.S.S.G. § 2D1.1, comment. (n.11(A)) (emphasis added). Here, the gun was present while defendant was engaged in drug trafficking and the "gun bump" enhancement should apply.

Because defendant appears to qualify as a "Career Offender," pursuant to U.S.S.G. § 4B1.1(b)(2) based upon his prior drug delivery convictions in state court, his advisory offense level is increased to 37. PSR ¶ 41. The "Career Offender" adjustment was not noted in the plea offer and is based upon defendant's criminal history. The plea agreement, however, explicated noted that "[t]he guideline calculations above are set forth as estimates only and the parties

**Government's Sentencing Memorandum**                                    **Page 3**

understand that the final guideline calculations and Criminal History Category will be determined by the Court following the receipt of a Presentence Report and these initial estimates are not binding upon the parties" and that "[t]here is no agreement as to the defendant's criminal history or the applicability of any other Sentencing Guideline adjustments." Plea Agreement ¶ 13.

Based upon defendant's guilty plea and acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, the parties ask that the Court grant the defendant a three-level reduction in his offense level. PSR ¶¶ 42 - 43, Plea Agreement ¶ 12.

Prior to any additional departures or variances, the defendant's initial Adjusted Offense Level is 34. With a Criminal History Category of VI (PSR ¶ 69), defendant's initial advisory sentencing guideline range is 262 to 327 months' imprisonment.

Prior to this federal case the longest prison sentence the defendant had received in state court was 26 months. PSR ¶¶ 62, 67.

**C.    Government's Recommended Sentence.**

Pursuant to 18 U.S.C. § 3553(a), we ask the Court to impose a sentence of 120 months' imprisonment, to be followed by a five-year term of supervised release. This is the mandatory minimum sentence required by law. The U.S. Probation Office has made the same recommendation to the Court. PSR Sentencing Recommendation * 1.

Defendant's conviction is based on his possession with intent to distribute methamphetamine. Methamphetamine is dangerous, destructive, and deadly. Within the community, inside our courtrooms, and inside our jails we consistently see the reminders of just how corrosive methamphetamine is on society. For years this defendant helped spread that corrosion throughout Yamhill County. According to law enforcement:

**Government's Sentencing Memorandum**                                          **Page 4**

> Fentanyl and methamphetamine remain the primary drug threats, affecting community livability and contributing to drug-related overdose deaths and criminal activity, including crimes against persons and property in the HIDTA region.  In 2023, fentanyl was linked to 75.9% of overdose deaths in Oregon and 51% in Idaho.  Methamphetamine was present in 63.5% of Oregon's overdose deaths and 38% of Idaho's.  Together, these two substances accounted for 41.3% of overdose fatalities in both states.

Oregon-Idaho High Intensity Drug Trafficking Area (HIDTA) 2026 Threat Assessment, 2025, at 5 (https://oridhidta.org/reports).

Here, after a consideration of the defendant's prior criminal history, the sentences received in those prior state cases, how defendant sought to resolve his federal case following his arrest, and after evaluating the evidence and the competing sentencing factors outlined in 18 U.S.C. § 3553(a) which include the nature and circumstances of the offense; the defendant's characteristics; the need for the sentence imposed to reflect the seriousness of the offense; the need for the sentence to promote respect for the law; the need for the sentence to afford adequate deterrence to criminal conduct; the need for the sentence to provide just punishment for the offense; the need to protect the public from further crimes of the defendant; and, the need to provide the defendant with needed training or other corrective treatment, we believe a sentence of 120 months' imprisonment is reasonable.  We ask the Court to impose it, to be followed by a five-year term of supervised release.

We also ask that the Court recommend that the defendant participate in the Bureau of Prison's Residential Drug Abuse Program (RDAP).  While defendant's possession of a firearm may prevent him from receiving a sentencing reduction from RDAP participation, his successful completion of the program will potentially be a tremendous benefit to him upon his release from prison.

///

**Government's Sentencing Memorandum**                                      **Page 5**

At the time of sentencing we ask that the Court dismiss Counts 1, 2, 4, and 5.

There is an appeal waiver.

Dated: March 26, 2026.                              Respectfully submitted,

                                                   SCOTT E. BRADFORD
                                                   United States Attorney


                                                   /s/ *Scott Kerin*

                                                   SCOTT M. KERIN, OSB # 965128
                                                   Assistant United States Attorney